1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD MOREY,

11           Plaintiff,                    No. 2:11-cv-2575 DAD

12       vs.

13   CAROLYN W. COLVIN,              ORDER
     Commissioner of Social Security,
14

15           Defendant.

16   _____/

17           This social security action was submitted to the court without oral argument for

18   ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary

19   judgment.  For the reasons explained below, plaintiff's motion is granted, defendant's cross-

20   motion is denied, the decision of the Commissioner of Social Security (Commissioner) is

21   reversed, and the matter is remanded for further proceedings consistent with this order.

22                            **PROCEDURAL BACKGROUND**

23           On August 30, 2007, plaintiff filed an application for Disability Insurance

24   Benefits (DIB) under Title II of the Social Security Act (the Act), alleging disability beginning on

25   April 30, 2002.  (Transcript (Tr.) at 93-95.)  Plaintiff's application was denied initially and on

26   reconsideration.  (Id. at 61-65, 69-73.)  A hearing was held before an Administrative Law Judge

                                              1

(ALJ) on January 6, 2010.  (Id. at 33-58.)  Plaintiff was represented by counsel and testified at

the administrative hearing.  In a decision issued on July 14, 2010, the ALJ found that plaintiff

was not disabled.  (Id. at 24.)  The ALJ entered the following findings:

> 1.  The claimant last met the insured status requirements of the
> Social Security Act on June 30, 2002.
>
> 2.  The claimant did not engage in substantial gainful activity
> during the period from his alleged onset date of April 30, 2002
> through his date last insured of June 30, 2002 (20 CFR 404.1571 *et
> seq*.).
>
> 3.  Through the date last insured, the claimant had the following
> medically determinable impairments:  Post-Traumatic Stress
> Disorder ("PTSD"); psoriasis; dermatitis; bilateral hearing loss
> corrected with hearing aids; several year status post back surgery.
> (20 CFR 404.1521 *et seq*.).
>
> 4.  Through the date last insured, the claimant did not have an
> impairment or combination of impairments that significantly
> limited the ability to perform basic work-related activities for 12
> consecutive months; therefore, the claimant did not have a severe
> impairment or combination of impairments (20 CFR 404.1521 *et
> seq*.).
>
> 5.  The claimant was not under a disability, as defined in the Social
> Security Act, at any time from April 30, 2002, the alleged onset
> date, through June 30, 2002, the date last insured (20 CFR
> 404.1520(c)).

(Id. at 15-24.)

On August 5, 2011, the Appeals Council denied plaintiff's request for review of

the ALJ's decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g)

by filing the complaint in this action on September 29, 2011.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the

findings of fact are supported by substantial evidence in the record as a whole and the proper

legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973

(9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are

conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones

v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401

(1971)).

        A reviewing court must consider the record as a whole, weighing both the

evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d

at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

substantial evidence supports the administrative findings, or if there is conflicting evidence

supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive,

Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d

1335, 1338 (9th Cir. 1988).

        In determining whether or not a claimant is disabled, the ALJ should apply the

five-step sequential evaluation process established under Title 20 of the Code of Federal

Regulations, Sections 404.1520 and 416.920.  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity?
> If so, the claimant is found not disabled.  If not, proceed to step
> two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so,
> proceed to step three.  If not, then a finding of not disabled is
> appropriate.
>
> Step three:  Does the claimant's impairment or combination of
> impairments meet or equal an impairment listed in 20 C.F.R., Pt.
> 404, Subpt. P, App. 1?  If so, the claimant is automatically
> determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If
> so, the claimant is not disabled.  If not, proceed to step five.

1    Step five:  Does the claimant have the residual functional capacity
     to perform any other work?  If so, the claimant is not disabled.  If
2    not, the claimant is disabled.

3    Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

4          The claimant bears the burden of proof in the first four steps of the sequential

5    evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the

6    sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098

7    (9th Cir. 1999).

8                                        **APPLICATION**

9          In his pending motion plaintiff argues that the ALJ and the Appeals Council

10   committed the following four principal errors in finding him not disabled:  (1) the ALJ erred at

11   step two of the sequential evaluation process; (2) the ALJ improperly rejected the opinion of

12   plaintiff's treating physician; (3) the Appeals Council improperly rejected the opinion of

13   plaintiff's examining psychologist; and (4) the ALJ improperly rejected plaintiff's testimony and

14   a third party witness statement.[1]

15   **I.    Step Two**

16         Plaintiff argues that the ALJ improperly evaluated plaintiff's impairments that

17   existed prior to June 30, 2002 at step two of the sequential evaluation and thus failed to find that

18   plaintiff suffered from severe mental impairments.  (Pl.'s MSJ (Doc. No. 14-1) at 18-20.[2])

19         At step two of the sequential evaluation, the ALJ must determine if the claimant

20   has a medically severe impairment or combination of impairments.  Smolen v. Chater, 80 F.3d

21   1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41).  The Commissioner's

22   regulations provide that "[a]n impairment or combination of impairments is not severe if it does

23

24         [1]  Although set forth as separate claims, many of plaintiff's arguments are, in fact, related
     and will therefore all be addressed in the court's analysis of plaintiff's first claim of error.

25
           [2]  Page number citations such as this one are to the page number reflected on the court's
26   CM/ECF system and not to page numbers assigned by the parties.

                                              4

1   not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20

2   C.F.R. §§ 404.1521(a) & 416.921(a).  Basic work activities are "the abilities and aptitudes

3   necessary to do most jobs," and those abilities and aptitudes include (1) physical functions such

4   as walking, standing, sitting, lifting, and carrying, (2) capacities for seeing, hearing, and

5   speaking, (3) understanding, carrying out, and remembering simple instructions, (4) use of

6   judgment, (5) responding appropriately to supervision, co-workers, and usual work situations,

7   and (6) dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b) & 416.921(b).

8          The Supreme Court has recognized that the Commissioner's "severity regulation

9   increases the efficiency and reliability of the evaluation process by identifying at an early stage

10  those claimants whose medical impairments are so slight that it is unlikely they would be found

11  to be disabled even if their age, education, and experience were taken into account." Yuckert,

12  482 U.S. at 153.  However, the regulation must not be used to prematurely disqualify a claimant.

13  Id. at 158 (O'Connor, J., concurring).  To prevent the premature disqualification of claimants,

14  "[a]n impairment or combination of impairments may be found 'not severe *only if* the evidence

15  establishes a slight abnormality that has no more than a minimal effect on an individual's ability

16  to work.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Smolen, 80 F.3d at

17  1290, and adding emphasis).  "If such a finding is not clearly established by medical evidence,

18  however, adjudication must continue through the sequential evaluation process."  Social Security

19  Ruling (SSR) 85-28, 1985 WL 56856, at *3.  "Step two, then, is 'a de minimis screening device

20  [used] to dispose of groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at

21  1290).  See also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001); Tomasek v.

22  Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb. 11, 2008) (describing

23  claimant's burden at step two as "low").

24         Here, in his decision the ALJ found that through June 30, 2002, plaintiff did not

25  have a  severe impairment.  (Tr. at 15.)  The court, however, has reviewed the evidence of record

26  in this action and finds that the ALJ's determination at step two of the sequential evaluation

1   process was in error and warrants remand.

2            On August 6, 2000, plaintiff's treating physician, Dr. Ross Clark, diagnosed

3   plaintiff as suffering from "Posttraumatic stress disorder, chronic and severe" and with a GAF of

4   37.[3]  (Tr. at 339.)  After an October 18, 2000 appointment Dr. Clark noted in his records that

5   plaintiff was "using quetiapine" for nightmares and insomnia, that plaintiff was tearful, his affect

6   was sad and his mood depressed.  (Id. at 199, 337.)

7            Nonetheless, the ALJ rejected Dr. Clark's treatment records, stating merely that he

8   "does not agree with the severe GAF scores assigned by Dr. Ross Clark . . . ."  (Tr. at 22.)  Dr.

9   Clark, however, was plaintiff's treating physician.  Accordingly, his opinion was entitled to

10  considerable weight.  The weight to be given to medical opinions in Social Security disability

11  cases depends in part on whether the opinions are proffered by treating, examining, or

12  nonexamining health professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604

13  (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating

14  source than to the opinion of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.

15  This is so because a treating doctor is employed to cure and has a greater opportunity to know

16  and observe the patient as an individual.  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996);

17  Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).  A treating physician's uncontradicted

18  opinion may be rejected only for clear and convincing reasons, while a treating physician's

19  opinion that is controverted by another doctor may be rejected only for specific and legitimate

20  reasons supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31.

21  _____

22      [3]  A GAF score represents a present rating of overall psychological functioning on a scale
    of 0 to 100.  See DIAGNOSTIC AND STATISTICAL MANUAL OF DISORDERS, at 30-31 (Am.

23  Psychiatric Ass'n, 4th Ed. 2000) ("DSM-IV").  See also Keyser v. Commissioner Social Sec.
    Admin., 648 F.3d 721, 723 (9th Cir. 2011) ("A GAF score is a rough estimate of an individual's

24  psychological, social, and occupational functioning used to reflect the individual's need for
    treatment.").  A GAF score of 31-40 indicates "some impairment in reality testing or

25  communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in
    several areas such as work or school, family relations, judgment, thinking, or mood (e.g.,

26  depressed man avoids friends, neglects family, and is unable to work . . . )."  DSM-IV at 32.

1    Here, the ALJ rejected the GAF score assessed by Dr. Clark because it did "not

2  appear to be based on objective medical evidence" but instead relied on "claimant's subjective

3  description of symptoms." (Tr. at 22.)  In this regard, the ALJ stated, "[t]his is confirmed with

4  the almost identical wording that appears between the reports of Dr. Clark and Counselor Frye . .

5  . ."  (Id.)  As plaintiff's counsel points out, however, "there are actually . . . no records in

6  evidence [that] are signed by Counselor Frye at all." (Pl.'s MSJ (Doc. No. 14-1) at 24.)  Instead,

7  based on the evidence he cited in support of his finding in the decision, it appears that the ALJ

8  was confused by the fact that the evidence of record includes both Dr. Clark's handwritten

9  reports and the subsequent transcription of those same handwritten reports.  (See Tr. at 22, 199,

10  337.)

11    Moreover, in addition to the ALJ's misinterpretation of the evidence before him,

12  
13  
14  
15  
> [t]o say that medical opinions are not supported by sufficient
> objective findings or are contrary to the preponderant conclusions
> mandated by the objective findings does not achieve the level of
> specificity . . . required, even when the objective factors are listed
> seriatim.  The ALJ must do more than offer his conclusions.  He
> must set forth his own interpretations and explain why they, rather
> than the doctors', are correct.

16  Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).  See also Alatorre v. Astrue, No. CV

17  12-0746 SS, 2013 WL 424727, at *8 (C.D. Cal. Feb. 1, 2013) (ALJ's finding that the medical

18  opinion was "too restrictive" and not supported by "social security rules and regulations"

19  constituted "mere conclusions, with no citation to record evidence" and thus were not "specific

20  or legitimate reasons for rejecting" the opinion).

21    In rejecting the opinion of plaintiff's treating physician Dr. Clark, the ALJ elected

22  to give "great weight" to the opinion of the Dr. David Gross.  (Tr. at 23.)  Dr. Gross, however,

23  was a non-examining physician and thus Dr. Gross' opinion was entitled to less weight than Dr.

24  Clark's.  See Lester, 81 F.3d at 831 ("The opinion of a nonexamining physician cannot by itself

25  constitute substantial evidence that justifies the rejection of the opinion of either an examining

26  physician or a treating physician.").

1    For the reasons stated above, the ALJ's decision to reject the GAF score attributed

2  to plaintiff by treating physician Dr. Clark was not supported by substantial evidence.

3  Accordingly, plaintiff is entitled to summary judgment on his argument that the ALJ improperly

4  rejected the opinion of his treating physician

5    Finally, the court notes that on September 29, 2000, Dr. Shahram Ardalan

6  examined plaintiff and also diagnosed him as suffering from post-traumatic stress disorder and as

7  having a GAF of 45.[4]  (Tr. at 679.)  Although Dr. Ardalan's opinion was not submitted to the

8  ALJ, it was submitted, and considered by, the Appeals Council.  (Tr. at 1, 4.)  "[W]hen the

9  Appeals Council considers new evidence in deciding whether to review a decision of the ALJ,

10  that evidence becomes part of the administrative record, which the district court must consider

11  when reviewing the Commissioner's final decision for substantial evidence."  Brewes v. Comm'r

12  of Soc. Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012).[5]   Moreover, the record reflects that

13  in response to Dr. Ardalan's opinion, that Veterans Administration ("VA") found that plaintiff

14  was disabled.  (Tr. at 243.)  The "ALJ must ordinarily give great weight to a VA determination of

15  disability."  McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002).

16    Accordingly, for all of the reasons stated above, the court finds that plaintiff is

17  entitled to summary judgment in his favor with respect to this claim as well.

18  /////

19  /////

20  /////

21

22    [4]  A GAF score of 45 indicates "serious symptoms (e.g., suicidal ideation . . . ) OR any serious impairment in social, occupational or school functioning . . ."  DSM-IV at 32.

23    [5]  Moreover, the court notes that in rejecting Dr. Ardalan's opinion, the Appeals Council
24  failed to provide any reason or explanation for doing so.  Dr. Ardalan, however, was an examining physician.  An examining physician's uncontradicted opinion, like a treating physician's, may be rejected only for clear and convincing reasons, and when an examining
25  physician's opinion is controverted by another doctor's opinion, the examining physician's opinion may be rejected only for specific and legitimate reasons supported by substantial
26  evidence in the record.  Lester, 81 F.3d at 830-31.

**CONCLUSION**

With error established, the court has the discretion to remand or reverse and award benefits.[6] McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004).  However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.  Id. at 594.

Here, the ALJ erred at step two of the sequential evaluation by dismissing plaintiff's mental impairments as non-severe and, therefore, failed to proceed with the sequential evaluation process.  This matter must be remanded for further administrative proceedings so that the ALJ may correct the errors noted above and continue with the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920, if necessary.  See Vasquez v. Astrue, 572 F.3d 586, 596 (9th Cir. 2009) (remanding for further proceedings where evidence suggested that plaintiff had severe mental impairment and where that mental impairment was not accounted for in ALJ's RFC determination at step four).

On remand, the ALJ shall recognize plaintiff's mental impairment as severe at step two of the sequential evaluation process and shall proceed with the sequential analysis.  The effect of plaintiff's impairment shall be carefully considered, the medical opinions shall be given proper weight, the subjective testimony of plaintiff, as well as any third party statements, shall be

/////

---

[6] In light of the remand required by the ALJ's error at step two, the court need not address plaintiff's remaining claim.  See Sanchez v. Apfel, 85 F. Supp.2d 986, 993 n.10 (C.D. Cal. 2000) ("Having concluded that a remand is appropriate because the ALJ erred in ending the sequential evaluation at Step Two, this Court need not consider the issue of plaintiff's credibility.").

considered, and the ALJ shall set forth specific, clear and convincing reasons if such testimony is

discounted.

Accordingly, in accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 14) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 15) is denied;

3. The decision of the Commissioner of Social Security is reversed for the

reasons indicated above; and

4. This case is remanded for further proceedings consistent with this order.

DATED: March 26, 2013.

_____

DALE A. DROZD

UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/morey2575.order

10